UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **ADRIAN MITCHELL**<br>**FED. REG. NO. 04705-061** | **CIVIL ACTION NO. 11-1600** |
| | **SECTION P** |
| **VERSUS** | |
| | **JUDGE MINALDI** |
| **JOE YOUNG** | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

*Pro se* petitioner Adrian Mitchell filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241 on August 31, 2011. At the time of filing, petitioner was an inmate in the custody of the Federal Bureau of Prisons (BOP) and was incarcerated at the Federal Correctional Institution, Oakdale, Louisiana (FCI-O). Information on the Federal Bureau of Prison's website establishes that the petitioner was released from custody on July 27, 2012.[1]

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Background*

Petitioner was a BOP inmate serving a thirty-six month sentence imposed by the United States District, Southern District of Ohio and was scheduled for release on June 20, 2012. Doc. 1, p. 1. As previously stated, information on the Federal Bureau of Prison's website establishes that the petitioner was released from custody on July 27, 2012.

In his petition, petitioner complains that he was denied appropriate consideration for full term placement in a Residential Reentry Center (RRC) in accordance with the Second Chance

---

[1] Federal Bureau of Prisons, http://www.bop.gov/iloc2/LocateInmate.jsp.

-1-

Act. More specifically, he states that defendant Young did not adhere to the law passed by Congress pertaining to the Second Chance Act and that decisions regarding an inmate's length of time in an RRC are being made prior to a review of the inmate's individual circumstances. He also claims that inmates are punished and harassed for filing grievances. Doc. 6, p. 4.

As relief, petitioner asks this court to order "the BOP in good faith to consider Petitioner on an individualize [sic] basis using the five factors set forth in 18 U.S.C. § 3621(b) plus take into account the language in 18 U.S.C. §3624(c)(6)(C) granting him the maximum amount of time in the RRC to provide the 'greatest likelihood of successful reintegration into the community.' " Doc. 1, p. 18.

*Law and Analysis*

1. **Proper Remedy**

A federal prisoner may challenge the manner in which his sentence is being executed by filing a petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241 in the judicial district where he is incarcerated. More specifically, a prisoner may utilize the provisions of §2241 to challenge the BOP's regulations in regard to placement in a Residential Reentry Center, Community Corrections Center (CCC) or halfway house.[2]

2. **Mootness**

Article III of the Constitution limits federal "Cases and 'Controversies." *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980). A case

---

[2] See the discussion in *Mihailovich v. Berkebile*, No. 06-cv-1603, 2007 WL 942091 (N.D. Tx. March 28, 2007) where a BOP inmate challenged the BOP's denial of placement in a RCC and the court concluded "as noted in *Woodall*, confinement in a traditional federal prison is 'qualitatively different' from community confinement, and thus justifies utilization of § 2241 for challenging BOP regulations regarding placement in a CCC. *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 243-44 (5th Cir.2005). The court further stated, "[i]n light of *Sonnier* [*v. Francis*, 217 Fed. Appx. 410 (5th Cir. 2007)], the other cited cases, the facts of *Carson* [*v. Johnson*, 112 F.3d 818 (5th Cir.1997)], and petitioner's lack of recourse, the Court finds that petitioner properly invoked jurisdiction under § 2241." *Mihailovich*, at *4.

becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969)). "If a dispute has been resolved or if it has evanesced because of changed circumstances, including the passage of time, it is considered moot." *Am. Med. Ass'n v. Bowen*, 857 F.2d 267, 270 (5th Cir.1988).

Petitioner has been released. The relief he requested is no longer available. Thus, the court finds that his claims are now moot and should be dismissed.

**Accordingly**,

**IT IS RECOMMENDED** that the petition be **DENIED** and **DISMISSED** as moot.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have fourteen (14) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE this 25th day of November, 2012.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE